# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3981 | **DATE** | August 25, 2008 |
| **CASE TITLE** | Jacob M. Hagemann (#85488) v. Vernon Hills Police Officer Fink, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's August 8, 2008 letter [9] is construed as request for an order for assistance with photocopies and renewed motion for appointment of counsel. It is the Court's understanding that correctional facilities advance the costs of necessary legal expenses (photocopying, postage, etc.) to indigent inmates who complete the proper paperwork requesting advancement of such expenses. The Clerk shall send a copy of this order to the Warden of Walworth County Jail. Plaintiff's renewed motion for appointment of counsel [9] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Jacob M. Hagemann, presently an inmate at the Walworth County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his constitutional rights by conducting an unlawful search and seizure and falsely arresting him. Plaintiff has renewed his motion for appointment of counsel.

Plaintiff's renewed motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. While Plaintiff indicates that he has attempted to retain counsel, Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's renewed motion for appointment of counsel is denied without prejudice.