IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jacob M. Hagemann ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 3981 |
| ) | |
| Officer Fink, et. al. ) | |
| ) | Judge Aspen |
| ) | |
| ) | Magistrate Judge Ashman |
| Defendants ) | |

### DEFENDANT SHERIFF MARK CURRAN'S MOTION TO DISMISS

Now comes Defendant, Lake County State's Attorney's Office by and through MICHAEL J. WALLER, State's Attorney of Lake County, Illinois and by THOMAS ANGER, Assistant State's Attorney for Lake County, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Honorable Court to dismiss the complaint against the Defendant Lake County Sheriff Mark Curran and in support thereof states as follows:

1. Introduction

On July 14, 2008, Plaintiff filed a Complaint in which he names, among other defendants, Lake County Sheriff Mark Curran. In his *pro se* Complaint, Plaintiff asserts a number of charges against various Vernon Hills police officers. As Plaintiff is proceeding *pro se* it is difficult to discern Plaintiff's theory of Defendant Curran's liability. He appears to couch his claims under the 4th, 5th, 6th, 8th, and 14th Amendments to the United States Constitution and Article 1, Section 6 of the Illinois Constitution. Complaint. Plaintiff seeks over $100,000 for the actions allegedly taken by the defendants. (Complaint). In addition to his Complaint, Plaintiff has attached

(presumably as exhibits) a number of documents including an order dismissing one of his criminal cases entered by a Lake County judge.

2. <u>Summary Of Facts Alleged By Plaintiff</u>.

Plaintiff alleges that on or about the morning of July 14, 2007, Plaintiff informed the Vernon Hills Police Department that his wallet was missing. Later on that same date, Plaintiff alleges that police officers from the Vernon Hills Police Department awoke Plaintiff and entered his condo unit. Plaintiff states that upon entrance into Plaintiff's unit, these officers began searching various rooms. At the same time, Plaintiff was seized and his freedom of movement was restrained by at least one Vernon Hills officer. During this search, various officers looked for, and found, various items allegedly belonging to Plaintiff. These items (including a grey "hoodie") were seized from Plaintiff's condo. The officers then left Plaintiff's condo. Plaintiff's wallet was apparently not returned. (Complaint).

On July 16, 2007, Plaintiff entered the Vernon Hills Police Department to address "another matter". (Complaint, p. 15 of 32, Para. 1). Upon his attempt to leave the department, Plaintiff was detained by "Detective Jones #26". Id. Plaintiff expressed a desire to call his attorney. This request was apparently granted, but neither Plaintiff nor Detective Jones had Plaintiff's attorney's phone number. Plaintiff claims that he was "coerced" into making a statement regarding the events surrounding Plaintiff's lost wallet. After this conversation, Plaintiff claims that he was arrested and charged with "burglary to auto". Complaint, p. 17 or 32, Para. 18. Plaintiff finally alleges that the police report generated by the Vernon Hills police officers was "full of lies and "cohersion" (sic). Id at Para. 20.

It should be noted that at no time does Plaintiff complain of any actions taken by any member of the Lake County Sheriff's Office in general, nor Sheriff Curran specifically. Furthermore, none of Plaintiff's exhibits point to any action taken by Sheriff Curran or the Sheriff's Office. Sheriff Curran has no authority over the Vernon Hills Police Department. Sheriff Curran does not (nor is he alleged to) direct that department's activities, formulate any of its policies nor manage any of its affairs or employees. While Plaintiff was held in the Lake County jail for an unspecified period of time, he makes no complaint about the conditions of his confinement. In fact, Sheriff Curran is not mentioned anywhere in Plaintiff's complaint save the caption and his demands for damages. Complaint.

3. <u>Plaintiff's Complaint Against Sheriff Curran Should Be Dismissed As Defendant Has Received No Notice Of The Claims Against Him</u>.

Sheriff Curran is entitled to dismissal as Plaintiff has not put the Sheriff on notice of what his claims against Sheriff Curran are, nor has Plaintiff shown how he is entitled to relief. Fed. R. Civ. P. 8(a)(2) mandates that the Plaintiff give the defendant a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007). For fair notice to be given, "a complaint must at least 'include the operative facts upon which a plaintiff bases his claim.'" <u>Kyle v. Morton High School</u>, 144 F. 3d 448 (7th Cir. 1998). The complaint in <u>Bell</u> had, at the very least, a restatement of some set of actions taken by the defendant. The complaint in <u>Morton</u> likewise included some facts in which defendants were mentioned as having taken certain actions. In the instant case, Plaintiff has wholly failed

3

to allege a single action taken by Sheriff Curran. As a result, Sheriff Curran is entitled to dismissal from this matter.

4. Conclusion

As Plaintiff's Complaint is wholly devoid of any actions taken by Sheriff Curran, and because Sheriff Curran is entitled to notice as mandated by Fed. R. Civ. Pro. 8(a), Sheriff Curran should be dismissed from these proceedings.

WHEREFORE, Defendant Sheriff Curran moves this Honorable Court to grant his Motion to Dismiss and provide any further and just relief to which Defendant Sheriff Curran may have availed himself.

    Respectfully submitted,

    MARK CURRAN, LAKE COUNTY SHERIFF
    Defendant

    MICHAEL J. WALLER
    State's Attorney of Lake County

By:    s/Thomas Anger
    Assistant States Attorney

Michael J. Waller
State's Attorney of Lake County
Thomas Anger #6282443
Assistant State's Attorney
18 N. County Street
Waukegan, IL 60085